**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| **RASUL TAHIR HIJAZ EL** | **PLAINTIFF** |
| v. | **CIVIL ACTION NO. 3:12-CV-890-CWR-FKB** |
| **STATE OF MISSISSIPPI;
JACKSON PUBLIC SCHOOL DISTRICT** | **DEFENDANTS** |

**ORDER**

Before the Court are the State of Mississippi's Motion to Dismiss, Docket No. 8, and Jackson Public School District's Motion to Strike and Dismiss Plaintiff's Complaint, Docket No. 12. The Plaintiff has not responded to either motion. Having considered the allegations in the Plaintiff's Complaint, the Defendants' arguments for dismissal, and the applicable law, the Court is now ready to rule.

**I.    Background**

On December 27, 2012, Rasul Tahir Hijaz El filed a pro se action against the State of Mississippi and Jackson Public School District ("JPS"), claiming that the Defendants "deprived [him] of his civil liberties under the law," and seeking damages, costs, and attorneys' fees. Docket No. 1, at 1. Although not explicitly stated in his Complaint, El apparently brings his action pursuant to 42 U.S.C. § 1983.

El alleges that "[o]n Friday, December 7, 2012, after an incomplete and deliberately faulty investigation, [he] was forced to resign [from his position as a JPS substitute teacher] or be incarcerated." Docket No. 1, at 1, 11. He alleges that JPS officials forced him to resign after he photographed a group of female students during an art class at Whitten Middle School and saved

the images on his personal computer, actions which he was later told were violations of JPS's guidelines. *See id.* at 13-17, 19.

El's claims are not clearly stated. It seems, however, that he alleges a due process violation since he contends that, according to JPS policy, he was entitled to a hearing regarding his release from employment with JPS. *See id.* at 18, 19. His Complaint also includes allegations that JPS did not fully compensate him for work that he performed. *See id.* at 31-32.

Seeking clarification of the claims against it, JPS filed a Motion for More Definite Statement on February 12, 2013, which the Magistrate Judge granted on March 14, 2013. El did not file a more definite statement by the March 29, 2013, deadline set by the Magistrate Judge. On April 17, 2013, JPS filed a Motion to Strike and Dismiss Plaintiff's Complaint, arguing that El's failure to clarify his Complaint leaves JPS without the ability to reasonably anticipate his claims and to respond to them without risk of prejudice, and that, consequently, El's Complaint should be dismissed pursuant to Federal Rules of Civil Procedure 12(e) and 41(b). Docket No. 12, at 2; Docket No. 13, at 2. El has not responded to JPS's motion.

Additionally, the State of Mississippi has filed a Motion to Dismiss, asserting that El's Complaint is barred by the sovereign immunity provision of the Eleventh Amendment to the United States Constitution. Docket No. 8. Furthermore, the State argues that dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) because the State is not a "person" who is amenable to suit under 42 U.S.C. § 1983. El has not opposed the motion.

## II.     Discussion

The Defendants' motions present two issues: (1) whether sovereign immunity bars El's claims against the State of Mississippi, and (2) whether El's failure to clarify his claims against JPS warrants dismissal. The Court addresses each issue in turn.

### A. The State of Mississippi's Motion to Dismiss

The State of Mississippi argues that El fails to state an actionable claim against it because it is immune from suit and cannot be sued under section 1983.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of actions that fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but need not have "detailed factual allegations." *Id.* (quotation marks and citation omitted). The plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Court need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (citation omitted).

Since *Iqbal*, the Fifth Circuit has clarified that the Supreme Court's "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011).

Taking El's allegations as true, as the Court must at this juncture, they do not state a claim against the State of Mississippi.

"The Eleventh Amendment bars suits by private citizens against a state in federal court." *K.P. v. LeBlanc*, 627 F.3d 115, 124 (5th Cir. 2010) (citation omitted). "It is clear, of course, that in the absence of consent a [federal court] suit in which the State or one of its agencies or

departments is named as the defendant is proscribed by the Eleventh Amendment." *Lewis v. Univ. of Texas Med. Branch at Galveston*, 665 F.3d 625, 630 (5th Cir. 2011) (quotation marks and citation omitted); *see Bryant v. Military Dep't of Miss. ex rel. Miss. Air Nat'l Guard*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005). "[A] suit against state officials for retroactive monetary relief, whether based on federal or state law, must be brought in state court." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 122 (1984).

In addition, states are not liable under 42 U.S.C. § 1983 because they are not considered "persons" under that statute. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *see Bryant*, 381 F. Supp. 2d at 592. "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will*, 491 U.S. at 66.

Because the State of Mississippi has no liability under § 1983 and is immune on these claims in federal court, El's claims against it must be dismissed.

### B. JPS's Motion to Strike and Dismiss

JPS argues that El's failure to file a more definite statement by March 29, 2013, as ordered by the Magistrate Judge on March 14, 2013, warrants dismissal of El's claims.

The Federal Rules of Civil Procedure provide that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). Furthermore, a court may dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b); *see Larson v. Scott*, 157 F.3d 1030, 1031-32 (5th Cir. 1998).

El's more definite statement is more than three months overdue. Furthermore, El has not responded to JPS's Motion to Strike and Dismiss. In accordance with Rules 12(e) and 41(b), El's claims against JPS should be dismissed for failure to comply with the Magistrate Judge's order and for lack of prosecution.

**III.    Conclusion**

For the foregoing reasons, the State of Mississippi's Motion to Dismiss and JPS's Motion to Strike and Dismiss are granted. The claims against the State are dismissed with prejudice, and the claims against JPS are dismissed without prejudice.

**SO ORDERED**, this the 12th day of July, 2013.

s/ Carlton W. Reeves<br>
UNITED STATES DISTRICT JUDGE